IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Peter Potrykus,            Case No. 3:09CV744

        Plaintiff

    v.            ORDER

CSX Transportation Inc.,

        Defendant

Pending in this FELA action set for trial on February 8, 2011, is defendant's motion in limine. [Doc. 40]. Defendant seeks to exclude testimony, other evidence and argument as to: 1) Congressional intent in enacting FELA; 2) FELA being plaintiff's only remedy; and 3) photographs and documents predating plaintiff's employment at the defendant's Stanley Yard, locus of the incident giving rise to this suit.

For the reasons that follow, the motion shall be granted with regard to Congressional intent and FELA as plaintiff's only remedy, and held in abeyance with regard to photographs and other documents predating plaintiff's employment at Stanley Yard.

Plaintiff stipulates that he will not seek to present evidence or argument about Congressional intent. Defendant's motion shall be granted on the basis of mootness.

In response to the motion in limine, plaintiff's counsel states that he wants simply "to make a brief remark to the jury regarding the Plaintiff's exclusive right of recovery under the FELA." [Doc. 41, at 1]. If he cannot tell the jury that FELA is his only remedy, he claims, the jury might be confused as to why he can sue the railroad. *Id*.

I do not find that contention persuasive: my instructions will tell the jury that the plaintiff has the right to sue under FELA and what the elements and his burden of proof are. That should preclude any risk of confusion.

In any event, I agree with the principal decision in this area, *Stillman v. Norfolk & Western Rwy. Co.*, 811 F.2d 834 (4th Cir.1987). Plaintiff there, as plaintiff here seeks to do, argued that FELA was his only possible remedy.

Holding such argument was improper, the court in *Stillman* stated that "ineligibility for workers' compensation benefits was completely irrelevant to the issues presented in this case, and allowing the jury to consider such information could have prejudiced the Railroad." *Id.* at 838. The court explained:

> defendants in FELA cases are not permitted to inform the jury that a plaintiff has received benefits from a collateral source [such as the Railroad Retirement Board]. We perceive no reason for a different rule when the plaintiff in a FELA case seeks to inform the jury of the absence of benefits from a collateral source.

*Id*. (citations omitted).

The Sixth Circuit has not, so far as I am able to determine, ruled on this issue. The closest it appears to have come is its decision in *Sullivan v. Chesapeake and Ohio Ry. Co.*, 1991 WL 216872 (6th Cir.) (unpublished disposition). In that case,

> During the jury voir dire, plaintiff's counsel noted that workers' compensation benefits were not available to railroad workers. During direct examination of Sullivan, his counsel asked about specific benefits Sullivan was receiving. On

2

cross-examination of Sullivan, defense counsel asked Sullivan whether he was receiving any collateral source benefits. Plaintiff's counsel objected and the court admonished defense counsel not to pursue the matter.

*Id.* at *2.

Plaintiff's counsel also asked for a mistrial in light of the defense attorney's collateral source question. The trial court denied the motion and the question remained unanswered.

Finding no error in the denial of the mistrial motion, the appellate court, after noting the inadmissibility of collateral source evidence, stated, "[p]laintiff's counsel in this case likewise should not have informed the jury that FELA has different rules about workers' compensation and that the jury should listen carefully to the judge's instructions. *Id*. at *7.

Though not directly supporting the defendant's contention in its motion in limine, this decision suggests, at least, that the Circuit would have reservations about "only remedy" evidence or even the plaintiff's requested "brief remark" to that effect.

Sauce for the goose, sauce for the gander. If a defendant cannot point to a plaintiff's RRB or other benefits after the injury giving rise to a FELA claim, plaintiff, in turn, should not be able to point out the unavailability of recovery elsewhere. This includes even sources, such as workers' compensation, that might occur to the jurors during deliberations.

The best safeguard against speculation in the jury room and its pernicious influence are jury instructions emphasizing the elements of plaintiff's claim and instructing the jurors to remain within the four corners of the instructions. Telling the jurors about extraneous things, such as plaintiff wants to do with his "only remedy" "remark," is more likely to lead them astray than keep on them on a straight and narrow path to a proper verdict.

With regard to the photos and other items relating to conditions at Stanley Yard prior to 1998, I shall reserve judgment until I have seen those items and heard from counsel as to the relevance of these items to plaintiff's claim. If those items show that the conditions were then as they were at the time of the accident, they might show not just notice, but prolonged notice. Particularly if the evidence showed no intervening change in the conditions, this evidence might be relevant and probative on the issue of notice to the defendant.

On the other hand, if the conditions reflected in the photos and documents bear little or no relation to those extant when plaintiff was injured, then they are not relevant and thus are inadmissible. This would be particularly so if there was evidence of interim remedial measures.

Without seeing the photos and documents and hearing from counsel, I cannot decide this aspect of defendant's motion in limine.

It is, therefore,

ORDERED THAT:

1. Defendant's objection to testimony or argument as to Congressional intent sustained as moot;

2. Defendant's objection as to evidence or argument that FELA is plaintiff's only remedy sustained; and

3. Ruling on defendant's objection to pre-June, 1998, photos and documents relating to Stanley Yard held in abeyance.

So ordered.

                                                s/James G. Carr
                                                United States District Judge